By the Court.
The question in this case is, whether the damages to be recovered on a protested bill of exchange, shall be regulated by the laws of the country where the bill is drawn, or of the country where it is endorsed, in an action against an endorser.
*453 The laws of individual States stating the damages to be paid on protested bills of exchange, are frequently different from each other, but always relate to bills drawn within their respective jurisdictions; therefore, though the bill be endorsed over ever so often, and travels through ever so many countries, yet the nature of the original contract is not changed; which is, that if the bill is not paid, the drawer shall be liable to pay, not only the principal, but the damages and interest stipulated by the laws of the country where the bill was drawn. When the bill is endorsed, the endorser places himself in the situation of the original drawer, and subjects himself to the same duties which he was bound to perform; so far it becomes the bill of the endorser, but to call it a new bill to all intent and purposes, as was alledged at the bar, would be to destroy the nature of it, by changing it from a foreign to an inland bill. For instance, if A draws a bill in the island of Jamaica, in favour of B, who resides in New-York, on a person resident in that city, B endorses the bill to C, in the same city; if by this endorsement, it becomes a new bill to every intent and purpose, it is then divested of its original character of a foreign, and is changed into an inland bill; and C in his action against B, the endorser, would be only entitled to common interest. Therefore, all that can be understood, by an endorsement being in the nature of a new bill, is, that the endorser places himself in the situation of the drawer, and must be answerable to the endorser in the same manner as the drawer must ultimately be answerable to him.